Jack Stewart, Appellant, *v.* Brooklyn & Queens Transit Corporation, Respondent.

First Department, June 5, 1942.

*August P. Klein* of counsel [*Francis J. Hughes* with him on the brief], for the appellant.

*Joseph F. Mulqueen, Jr.*, of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent.

GLENNON, J. This action was instituted to recover damages for personal injuries sustained by the plaintiff resulting, as he claimed, from the defendant's negligence. At the conclusion of plaintiff's case the court reserved decision on the motion to dismiss. After the defendant had submitted its proof and both sides had rested, defendant renewed its motion and the court dismissed the complaint. We are inclined to the view that in so doing the court fell into error.

Plaintiff, an ironworker, on the morning of November 28, 1939, was engaged in riveting work and using a pneumatic drilling machine on the metal structure of the Williamsburg Bridge in the city of New York. He had considerable experience in his line, having pursued it for upwards of thirty years. He was on a platform or scaffold which was about thirty inches in width and approximately six feet above the surface. The defendant operated trolley cars on the bridge. There was a clearance of about eighteen inches between the platform on which plaintiff was working and the passing trolleys. There was another platform placed some eight or nine feet above it upon which a fellow employee was engaged in heating rivets for the plaintiff and the other ironworkers. In the course of his work, it was necessary for the plaintiff to give a signal to the man in charge of the heater when he needed rivets.

Shortly after nine o'clock in the morning, the plaintiff called up to the " heater " man and gave him a signal which indicated that he needed rivets. The plaintiff testified: " Well, when I had my hand up giving the signal the car came and hit me, and I see

my hand drop and the car was past me, and I fell back against Price and he grabbed me and he held me there." As a result of the accident, plaintiff sustained rather severe injuries.

According to the plaintiff and his witnesses there was a sign on one of the steel girders which read: " Danger — Men Working — Ring Bell." Plaintiff testified that he did not hear a gong or bell at any time immediately prior to the accident. One of plaintiff's witnesses estimated the speed of the trolley at the time it struck plaintiff to be about eighteen or nineteen miles per hour.

Defendant seeks to sustain the dismissal of the complaint upon two grounds: *First,* there was no proof of negligence on the part of the defendant in the operation of the trolley car; *second,* that even if the motorman was negligent, the plaintiff was guilty of contributory negligence.

We are inclined to the view that the question of negligence on the part of the defendant, and that of the so-called contributory negligence on the part of the plaintiff, were primarily questions of fact for the jury to determine. The jury could have found that the motorman should have known that the plaintiff and his fellow employees had been engaged upon the bridge for a period of at least three weeks in connection with the riveting work. They could have found that the motorman operated the trolley car at an excessive rate of speed when viewed in the light of the fact that men were actually working upon the structure in close proximity to the trolley tracks. The jury might have found that a reasonably prudent motorman should have been mindful of the fact that because of the noise which is ordinarily made by riveting machines, the plaintiff would not have been aware of the rapid approach of the car under the circumstances of this case.

On the other hand, we do not believe that one can say as a matter of law that it was a negligent act on the part of the plaintiff to give the signal which he did to the man who was engaged in heating the rivets. Plaintiff and his fellow employees were working under cramped conditions. He could not be expected, as a matter of law, facing as he was away from the trolley car, to observe its approach. He might well have believed that the motorman of the trolley would either proceed very slowly past the place where the work was being done, or, if necessary, bring the car to a stop in order to prevent injury to any of the men so engaged.

For the reasons assigned the judgment should be reversed, with costs to the appellant, and a new trial ordered.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs and a new trial ordered.